UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

KELVIN LAMONT TOLBERT          Case No. 04-14956

Debtor.

# ORDER DENYING RON BLACKMON'S MOTION FOR RELIEF
# FROM THE AUTOMATIC STAY

Lacy Robertson, Attorney for Debtor
Ron Blackmon d/b/a Auto Pawn, pro se
John C. McAleer III, Chapter 13 Trustee

This matter is before the Court on a motion for relief from stay filed by Ron Blackmon d/b/a Auto Pawn. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is denying the motion for relief from stay.

FACTS:

On August 3, 2004, Kelvin Tolbert pawned his 1997 Dodge Stratus to Auto Pawn in exchange for $500.00. This pawn contract provided for a maturity date of September 3, 2004. To redeem the title the debtor agreed to pay Auto Pawn $625.00 on or before the maturity date. As required by Ala. Code § 5-19A-6 (1975), the pawn contract included a thirty day grace period following the maturity date in which the vehicle could be redeemed by the debtor. On August 20, 2004, before the pawn contract had matured, Tolbert filed for relief under Chapter 13 of the Bankruptcy Code.

The debtor listed Auto Pawn in Schedule D as a creditor holding a secured claim in the amount of $650.00 secured by the 1997 Dodge Stratus. His plan proposed to pay the $650.00 debt in full at $11.00 per month with 0% interest over 60 months. On September 24, 2004, the plan was conditionally confirmed until the bar date had passed. On November 16, 2004, Ron Blackmon, doing business as Auto Pawn, filed this motion for relief from the stay, claiming that because Tolbert failed to exercise his right of redemption within the time required, the debtor no longer had any legal or equitable interest in the vehicle.

LAW:

The automatic stay operates to enjoin a creditor from attempting to possess or to exercise control over property of a bankruptcy estate once a petition has been filed. 11 U.S.C. § 362. "Property of the estate" is defined broadly to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Deciding whether a debtor's interest constitutes property of the estate is a federal question. *Charles R. Hall Motors, Inc. v. Lewis (In re Lewis)*, 137 F.3d 1280, 1282 (11th Cir. 1998). However, "the nature and existence of the [debtor's] right to property is determined by looking at state law." *Southtrust Bank of Alabama v. Thomas (In re Thomas)*, 883 F.2d 991, 995 (11th Cir. 1989).

The initial issue involved in this matter is whether the pawn agreement[1] executed between the parties made Auto Pawn a secured creditor. An Alabama state court has previously found that pawn transactions in which a debtor consensually grants a pawnbroker a security interest in goods (including title documents and the vehicles they represent) are secured transactions under

---

[1] The pawn agreement is in compliance with the Alabama Pawnshop Act. Ala. Code §§ 5-19A-1 through 5-19A-20 (1975).

-2-

Alabama law. *See Harkness v. EZ Pawn Alabama, Inc.*, 724 So.2d 32 (Ala. Civ. App. 1998). Additionally, the Alabama Commercial Code defines "secured party" as "a person in whose favor a security interest is created or provided for under a security agreement, whether or not any obligation to be secured is outstanding[.]" Ala. Code § 7-9A-102(72) (1975). To determine if Auto Pawn is a secured party, the Court must determine whether the pawn agreement created a security interest in Auto Pawn. Under Alabama law, a security interest is an interest in personal property which secures payment or performance of an obligation. Ala. Code § 7-1-201(37) (1975).

The pawn ticket[2] twice states that the agreement grants Auto Pawn a security interest. Next to the heading "Description of Pledged Goods," the ticket states, in parentheses, "[y]ou are giving a security interest in the goods described below." Additionally, in the disclosure statement on the bottom half of the ticket, the agreement states, "[w]e have a possessory security interest in the item(s) pledged to secure repayment." The Court finds that the pawn agreement entered into between the parties was in fact a transaction in which the parties created a security interest in personal property. The debtor received money from Auto Pawn while offering a 1997 Dodge Stratus as security for the debt. The Court concludes that the consensual agreement between the parties creates a security interest. Because the parties created a security interest, Auto Pawn is a secured creditor of Tolbert for the period of the contract.

The agreement between Tolbert and Auto Pawn matured on September 3, 2004. Until that maturity date, Tolbert did not owe Auto Pawn the $625.00. Tolbert filed bankruptcy before the agreement's maturity date. Thus, at the time he filed bankruptcy, Tolbert was not in default

---

[2]The pawn ticket was introduced into evidence as Creditor's exhibit 1.

on the agreement. Auto Pawn did not yet own the collateral because the right to title had not passed according to the parties agreement.

In a Chapter 13 case, a debtor can propose to pay a secured creditor over time through his plan. 11 U.S.C. § 1322. The debtor can "modify the rights of holders of secured claims, other than a claim secured by a security interest in real property that is the debtor's principal residence." *Id.* at § 1322(b)(2). The modification of the creditor's rights must pay the creditor the present value of its claim, as of the effective date of the plan. 11 U.S.C. § 1325(a)(5). In this case, the debtor proposed to pay Auto Pawn over time. Auto Pawn did not object to the plan and the plan was confirmed.[3] Under res judicata principles, Auto Pawn is bound to accept its treatment as appropriate since it was approved by the court without objection. *In re Young*, 281 B.R. 74 (Bankr. S.D. Ala. 2001).

Auto Pawn argues that the debtor failed to exercise his right of redemption within the extension provided by § 108(b) of the Bankruptcy Code, and therefore the debtor no longer has any legal or equitable interest in the vehicle. Section 108(b) states:

> Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of–
>   (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>   (2) 60 days after the order for relief.

The section applies to redemption situations. It has been applied to pawn shop contracts in

---

[3]The plan was conditionally confirmed on September 24, 2004. A final confirmation order will be entered now that the claims bar date has passed.

-4-

which the contract had matured before the bankruptcy was filed and only a redemption period remained. *In re Walker*, 204 B.R. 812 (Bankr. M.D. Fla 1997). In this case, however, the redemption period did not arise before the bankruptcy filing.

Additionally, the pawn ticket is a secured transaction, not an executory contract that must be assumed or rejected. *See In re Lopez*, 163 B.R. 189 (Bankr. D. Colo. 1994). Like the pawn ticket in *Lopez*, Auto Pawn's pawn agreement with the debtor clearly states that the interest the pawn shop had before maturity of the contract was a security interest. *Id.*

Finally, Auto Pawn seeks relief from the automatic stay. However it failed to present sufficient grounds for the relief requested. Auto Pawn offered no proof of the debtor's lack of equity in the vehicle, as required by 11 U.S.C. § 362(g)(1). Furthermore, Auto Pawn did not object to the treatment of its debt in the debtor's plan. Because Auto Pawn did not object, and there is a confirmation order approving the treatment, Auto Pawn is adequately protected. Since the treatment is statutorily and procedurally allowed, there is no cause for lifting the stay.

THEREFORE, IT IS ORDERED that the motion for relief from the automatic stay filed by Ron Blackmon, d/b/a Auto Pawn is DENIED.

Dated: January 6, 2005

*[signature]*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE